Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20591

v.

DAVID LAMAR CHAPMAN
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

**XX**    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

      **XX**    18 U.S.C. § 3142(f)(1).

      ___    18 U.S.C. § 3142(f)(2).

___    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___    (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___    (2)    The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3)  A period of less than five years has elapsed since

 __  the date of conviction, **or**

 __  the Defendant's release from prison for the offense described in finding (B)(1).

__ (4)  Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

C.   **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

 **XX**  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)[1], **or**

 __  under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

 __  listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

 __  listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

 __  involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

 **XX**  the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

D.   **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1)  There is a serious risk that the Defendant will not appear.

__ (2)  There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

**XX**    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

___    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, i.e., crack cocaine. The Defendant is also charged with felon in possession of firearms. I find that from the grand jury having returned an Indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection (g)(3), I note that Defendant is 42 years of age and has lived with his mother at an address on South Washington in Saginaw his entire life. Defendant is currently unemployed and receives Social Security disability benefits. His last employment was for Vassar Industries for approximately one year in 1999. Defense counsel points out that the

Defendant suffers from a number of medical conditions which appear to be corroborated by the Pretrial Services report.  This fact takes on particular importance because defense counsel argues that the Defendant qualifies as a legal possessor of medical use marijuana under the Michigan Medical Marijuana Act, and thus the fact that he possessed marijuana at the time of his arrest cannot be considered as a factor in deciding the Government's motion to detain.  This argument was raised at the Defendant's initial hearing and a continuance was granted in order to allow all parties the opportunity to provide corroborating records of the type described in Michigan's recently passed Medical Marijuana Act.

MICH. COMP. LAWS § 333.26425 provides that a qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege for the medical use of marijuana in accordance with this Act, so long as the qualifying patient possesses an amount of marijuana that does not exceed 2.5 ounces of usable marijuana.  I note that the amount possessed by the Defendant at his arrest did not exceed the amount allowed under the statute.

MICH. COMP. LAWS § 333.26428 states that a person may assert the medical purpose for using marijuana as a defense to any prosecution involving marijuana, and that this defense shall be presumed valid where the evidence shows that certain elements have been met.  Those requirements include a statement by a physician and an expression of his professional opinion that the patient is likely to receive therapeutic or palliative benefit from the medical use of marijuana because of his serious medical condition. MICH. COMP. LAWS § 333.26428(a)(1).  The Act further provides that a person may assert the medical purpose for using marijuana and that the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a). MICH. COMP. LAWS § 333.26428(b).

While the Act presumes its application to individuals arrested for possession of marijuana, I find that the Act applies by analogy to this proceeding, since the Government seeks to raise an adverse inference against the Defendant since he was in possession of marijuana at his arrest. Reading these subsections together, I conclude that the statute places a burden upon the Defendant for production of corroborating evidence relating to the potentially legal use of marijuana. Although defense counsel describes diligent efforts on her part to secure this information, none has been presented. I am therefore constrained to conclude that despite the well-structured argument on the part of defense counsel, the Defendant has failed to meet the standards of the Michigan Medical Marijuana Act.

By itself, this finding does not determine the Government's motion to detain. Turning to the factors established in the Bail Reform Act, the Defendant conceded to Pretrial Services that he has used marijuana, and that his most recent use was the day before his arrest. He also stated that he had begun using crack cocaine approximately 15 years ago. He told Pretrial Services that his most recent use of cocaine was a year ago. Preliminary urinalysis returned a positive result for marijuana; however, during the continuance, the Defendant's sample was submitted for laboratory analysis by means of mass spectroscopy and results of that testing returned a positive result not only for marijuana but also for cocaine. Although this low-level result falls below the official threshold level set by Pretrial Services for a positive result, it does, however, corroborate the fact that the Defendant had cocaine in his system at the time of the urinalysis.

As to the Defendant's criminal record, in 1992 the Defendant pled guilty to a felony controlled substances violation and was placed on probation. While on that probation, the Defendant was found guilty of misdemeanor aggravated assault and he was sentenced to community service and a period of incarceration. In December 1995, the Defendant pled guilty to misdemeanor possession of marijuana. In 2000, the Defendant pled guilty to a

misdemeanor driving while license suspended charge and pled guilty to similar offenses in 2002 and in 2003. The government points out that the Defendant's traffic record contains at least contains eight failures to appear, some which the government concedes involve repeat charges as well as failures to comply with judgments, all relating to traffic offenses. The Assistant U. S. Attorney points out that the underlying traffic offenses include reckless driving and fleeing and eluding police officers. Defense counsel emphasizes the unique procedures utilized by the Saginaw County courts to bring forward traffic offenses which she implies are in derogation of both the notices given individuals and Michigan law itself. Defense counsel asserts that, as a result, individuals charged with traffic offenses in Saginaw County frequently never receive notice of these matters. Defense counsel raises this argument in part in response to the government's argument that there have been extremely long delays in clearing these traffic matters, e.g., as long as 5 ½ years. Defense counsel also emphasizes the expense involved in dealing with traffic citations in Michigan.

In April 2009, the Defendant pled nolo contendere to misdemeanor assault and battery. He was sentenced to a brief period of incarceration. On the same day, the Defendant was charged with felony assault with intent to do great bodily harm less than murder, felony firearm, possession of firearms by a felon, assault with a dangerous weapon and misdemeanor assault and battery. These charges are presently set for trial in Saginaw County Circuit Court in February of 2010. I have reviewed a police report arising out of the incident. With the benefit of this information, it appears that there has been a long-standing family disagreement which apparently came to a head with this incident, which occurred outside the Defendant's residence in the driveway and nearby garage. The police report states that the Defendant and Robert Thomas got into an argument apparently related to a motor vehicle. During the course of the argument, Thomas took an object which the investigating police officer believes was a pipe and struck the front windshield of Mr.

Chapman's vehicle, damaging the windshield. In response, the police report recites that the Defendant pulled a revolver, started walking towards Thomas, and fired a shot, which the officer believes struck the driveway near Thomas. The Defendant then gave that weapon to another individual, which officers later retrieved from a nearby house. After the Defendant gave up his weapon, he entered his house after being struck in the face during this altercation, and came out of the house and struck Thomas multiple times with a wooden cane. Counsel for the Defendant acknowledges that these charges are outstanding and argues both that the Defendant has a strong defense to these charges and that conditions of his state court bond serve to assure the safety of the community for the purposes of the Bail Reform Act. The Government points to the circumstances surrounding the Defendant's arrest, and the fact that at the time of his arrest, he had 12 small baggies of marijuana on his person.

While the terms of the Defendant's state bond prohibit contact with witnesses and other individuals, I fail to see how those bond terms can serve to protect the wider community, within the meaning of the Bail Reform Act. While the marijuana found on the Defendant's person could be consistent with personal use, it can equally be consistent with sale. Moreover, the Defendant has a history of drug dealing. Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL

821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

For these reasons, I conclude that on the evidence presented, I am unable to find that the presumption in favor of detention has been rebutted. While I have no doubt that defense counsel correctly represents that the Defendant is willing to submit to a tether and that the Defendant's residence is suitable for a tether, I conclude that, under the circumstances, a tether is insufficient to assure the safety of the community. As a result, even if the presumption had been rebutted, in light of the evidence described above, I am unable at present to craft any conditions or combination of conditions which I believe would reasonably assure the safety of the community. Accordingly, the motion to detain the Defendant is **GRANTED**.

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: December 24, 2009            United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Barbara Klimaszewski, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 24, 2009     By   *s/Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder