UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

                                                             Case Number 09-20591-BC
v.                                                 Honorable Thomas L. Ludington

DAVID LAMAR CHAPMAN,

         Defendant.
_____/

### ORDER DENYING IN PART AND DENYING AS MOOT IN PART REMAINDER OF DEFENDANT'S MOTION TO SUPPRESS AND DETERMINING EXCLUDABLE DELAY

On December 10, 2009, Defendant David Lamar Chapman was charged with, on or about March 5, 2009, possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. 841(a)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 12, 2010, Defendant filed a motion to suppress [Dkt. # 21], to which the government responded [Dkt. # 24] on April 20, 2010. Defendant did not file a reply.

Generally, Defendant argued that the evidence seized from 2020 Moore Road should be suppressed, and non-contraband property returned to him, for two primary reasons. First, Defendant argued that the affidavit on which the search warrant was based did not establish probable cause to search the residence because it did not establish that the items found in the trash pull were not related to the legitimate medical use of marijuana under the Michigan Medical Marihuana Act, Mich. Comp. Laws § 333.26424. Second, Defendant argued that the officers who executed the search warrant seized items not authorized by the warrant, thereby conducting an invalid "general search."

A hearing on Defendant's motion was scheduled for June 21, 2010. At the scheduled hearing, and before Defendant's motion was argued, defense counsel requested to withdraw as defense counsel. For the reasons stated on the record, defense counsel's request was granted. In addition, Defendant was granted leave to amend or supplement his motion to suppress through his newly appointed counsel within thirty days of appointment. On August 20, 2010, Defendant filed a supplemental brief [Dkt. # 34], newly identifying a "necessity defense," as an "affirmative defense."

A hearing was scheduled on Defendant's motion for September 13, 2010, but after determining that a hearing would not aid in the disposition of the motion, the Court canceled the hearing and entered an order denying in part Defendant's motion and directing the government to file a supplemental brief as to the remainder of the motion. The Court rejected Defendant's arguments regarding the Michigan Medical Marihuana Act, because possession of marijuana remains an offense under federal law and the officers were not required to investigate Defendant's possible defenses prior to securing and executing a search warrant. *Fridley v. Horrighs*, 291 F.3d 867, 874 (6th Cir. 2002); *Ross v. Duggan*, 402 F.3d 575, 586 (6th Cir. 2004).

The Court also concluded that Defendant did not demonstrate that the officers conducted an illegal "general search," requiring the suppression of all evidence seized during the search, because there was no indication that the officers "exceed[ed] the scope of the warrant in the places searched (rather than the items seized)." *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007). On the other hand, it was not entirely apparent that the officers did not "unlawfully seize[] certain items" (e.g., four flat panel televisions), *id.*, although it was plausible that those items could be characterized as probable "proceeds derived from the sale and or distribution of controlled

substances," within the meaning of the search warrant language, and thereby subject to seizure.

The Court noted that the government represented that "[t]he complained of items were seized by the police for forfeiture reasons," but that the government did not directly address whether the search warrant authorized their seizure. Nor did the government indicate whether it intended to offer the particular items as evidence at trial. If the government did not intend to offer the challenged items as evidence at trial, the Court noted that Defendant's motion to suppress those items would be moot.

However, Defendant also sought to have the items returned, and therefore, the Court explained that it was necessary to address whether they were seized in violation of Defendant's Fourth Amendment rights. *See* Fed. R. Crim. P. 41(g). Thus, the government was directed to file a supplemental brief to address whether the challenged items were seized in violation of Defendant's Fourth Amendments rights, that is, whether the search warrant authorized their seizure; and whether the government intends to introduce the seized items as evidence at trial.

On September 21, 2010, the government filed the requested supplemental brief [Dkt. # 38]. The government represents that it does not intend to introduce the challenged electronic devices into evidence at trial. Thus, to the extent that Defendant seeks to suppress the items, his motion will be denied as moot. The government also represents that the complained of items were drug proceeds and forfeited through state court proceedings. Thus, Defendant can not seek their return pursuant to Rule 41(g). *See United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999) ("After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41[g], but instead must submit to the statutory procedures governing civil forfeiture proceedings.").

Accordingly, it is **ORDERED** that the remainder of Defendant's motion to suppress [Dkt. # 21] is **DENIED IN PART** and **DENIED AS MOOT IN PART**. This order terminates the motion.

It is further **ORDERED** that it is **DETERMINED** that the time from **April 12, 2010 to September 27, 2010** is **EXCLUDABLE DELAY** pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 27, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS